IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

2008 OCT 28 AM 11:57

| | | |
|---|---|---|
| CHRISTOPHER RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-096 |
| | ) | |
| FRED BURNETTE, Warden; TIM SPIRES, | ) | |
| Warden; MISTY WINTER, Chief | ) | |
| Counselor; ROBERT L. TOOLE, Unit | ) | |
| Manager; GREG MCCRAINE, | ) | |
| Lieutenant; JAMES EXUM, Sergeant; and | ) | |
| TELFAIR STATE PRISON | ) | |
| CLASSIFICATION COMMITTEE, | ) | |
| | ) | |
| Defendants. | ) | |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
___

Plaintiff, an inmate currently confined at Telfair State Prison ("TSP"), in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and seeking to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:[2] (1) Russell v. Johnson, Civil Case No. 406-074, doc. no. 36 (M.D. Ga. May 2,

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d at 731 *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2007) (dismissed for failure to exhaust administrative remedies), *hereinafter* "CV406-074";

(2) Russell v. Johnson, Civil Case No. 407-008, doc. no. 32 (M.D. Ga. Feb. 19, 2008) (dismissed for failure to exhaust administrative remedies), *hereinafter* "CV407-008"; and

(3) Russell v. Johnson, Civil Case No. 407-119, doc. no. 32 (M.D. Ga. Mar. 4, 2008) (dismissed for failure to exhaust administrative remedies and court declined to exercise its supplemental jurisdiction on state claims), *hereinafter* "CV407-119."

In each of these cases, Plaintiff filed a complaint that was dismissed for failure to exhaust administrative remedies. Dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Rather, Plaintiff simply seeks to be transferred to a prison with a lower security level than TSP.

Plaintiff contends that he was transferred to Milan State Prison ("MSP") from Valdosta State Prison. (Doc. no. 1, p. 5). When he arrived at MSP, he learned that inmates

3

who had assaulted and stabbed him while he was incarcerated at Muscogee County Jail were now incarcerated at MSP. (Id.). Plaintiff maintains that he informed officials at MSP and requested to be placed in protective custody. (Id.). According to Plaintiff, these officials stated, "[Y]ou are going in there or I'll make something up and lock you down." (Id.). Plaintiff noted that he had a "special visit coming, so "he complied," even though he felt his well- being was endangered. (Id.).

The next day, Warden Burnette conducted an inspection at MSP and purportedly - for an unknown reason - stated that he did not feel comfortable with Plaintiff at MSP, that he (Warden Burnette) did not see how Plaintiff got to his prison, and to "dig deeper." (Id.). From these statements, Plaintiff concluded that Warden Burnette's actions were "clearly discriminatory in nature." (Id.). On that same day, Plaintiff (who felt his well-being was endangered at MSP) was transferred to TSP. (Id. at 8). Plaintiff notes that he is a minimum security inmate and that TSP is a close security prison. (Id. at 9). Plaintiff believes that his incarceration at a close security prison is "blatant discrimination because of the facilities [he] has been housed in."[3] (Id.).

In sum, none of Plaintiff's allegations support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

---

[3]Plaintiff also makes statements that he was refused his personal property when he transferred prisons, that Deputy Warden of Security, Tim Spires, told Plaintiff that he personally had requested that Plaintiff be transferred to TSP, and that Misty Winters rudely cut him off. (Doc. no. 1, pp. 8-9). However, these allegations do not support a finding of imminent danger.

4

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 28th day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE